U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

Signed September 23, 2011

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-46004-DML-7 |
| PAUL S. SOHAL, AND | § | |
| SUKHJINDER SOHAL, | § | |
| DEBTORS. | § | |
| | § | |
| ANDY KEETON, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | ADVERSARY NO. 09-04425-DML |
| | § | |
| PAUL S. SOHAL, AND | § | |
| SUKHJINDER SOHAL, | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION

The above-styled adversary proceeding was tried to the court over three days, May 17, 2011, June 6, 2011 and July 25, 2011. During the trial, the court heard testimony from Debtors (individually, Sohal and Mrs. Sohal), Jeffrey McCombs

1

("McCombs"), Debtors' former attorney, and Andrew Keeton, the plaintiff in this adversary, and received into evidence exhibits identified as necessary below.

This adversary is subject to the court's core jurisdiction. 28 U.S.C. §§1334 and 157(b)(2)(J). This memorandum opinion incorporates the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

## I.  Background

Plaintiff holds a judgment against Debtors in the amount of approximately $75,000.00. The nature of the suit was for damages resulting from Mr. Sohal's breach of contract. Specifically, it appears to have been related to a space leased by Sohal for a convenience store business in 2002 and 2003.

In 2000, Sohal suffered kidney failure and required a kidney transplant. Over the next several years, Sohal faced additional health issues, including the need for a second transplant. Sohal testified that he suffers from various mental problems as well, including some loss of memory.

By the end of 2006, Sohal could no longer work. Pursued by Plaintiff for recovery on his judgment, on September 29, 2009, Sohal and Mrs. Sohal commenced this chapter 7 case. Thereafter Plaintiff filed this adversary proceeding asking that Debtors' discharges be denied under section 727(a)(4)(A)[1] of the Bankruptcy Code (the "Code").[2]

## II.  Discussion

Section 727(a)(4)(A) provides:

---

[1]  Plaintiff also asserts Debtors' discharges should be denied under section 727(a)(2), (3) and (5). The focus of the evidence, however, was on section 727(a)(4)(A), and the court would not find that Plaintiff has met his burden under the other provisions.

[2]  11 U.S.C. §§ 101 et. seq.

2

> (a) The court shall grant the debtor a discharge, unless –
> . . .
>> (4) the debtor knowingly and fraudulently, in or in connection with the case –
>
>> (A) made a false oath or account . . .

In order to meet his burden[3] under section 727(a)(4)(A), Plaintiff must show that Debtors (1) made a statement under oath; (2) which statement they knew to be false; (3) which statement was made fraudulently; and (4) which statement materially related to the Debtors' bankruptcy case. An omission may amount to a false statement. *See In re Dolata*, 306 B.R. 97 (Bankr. W.D. Pa. 2004); *In re Wilson*, 290 B.R. 333, 337 (Bankr. C.D. Ill. 2002); *In re Handel*, 266 B.R. 585, 590 (Bankr. S.D.N.Y. 2001). A false statement or omission in a debtor's schedules or statement of affairs can satisfy the requirements of section 727(a)(4)(A). *See, e.g., In re Dreyer*, 127 B.R. 587, 597 (Bankr. N.D. Tex. 1991).

As to fraudulence, that may be shown by a reckless indifference to the truth. *See In re Sholdra*, 249 F.3d 380, 382 (5th Cir. 2001); *In re Beauboeuf*, 966 F.2d 174, 178 (5th Cir. 1992); *In re Lee*, 309 B.R. 468, 477 (Bankr. W.D. Tex. 2004); *In re Khalil*, 379 B.R. 163, 175 (B.A.P. 9th Cir. 2007). Such indifference may be itself shown by numerous errors or omissions in a debtor's schedules or statement of affairs. *See In re Mitchell*, 102 Fed.Appx. 860, 862, 863(5th Cir. 2004); *In re Moschella*, 2004 Bankr. LEXIS 1108 (Bankr. N.D. Tex. Aug. 9, 2004); *See also In re Sticht*, 2005 WL 6441384 (Bankr. N.D. Tex. Oct. 20, 2005).

---

[3] The burden of proof is Plaintiff's. *See* Fed. R. Bankr. P. 4005.

Plaintiff points to a number of omissions and misstatements in Debtors' schedules and statement of affairs[4] (the "SOFA"). These include the failure to reflect income required to be shown in the SOFA, the failure to disclose a lawsuit Sohal was pursuing against his disability insurers (the "Disability Litigation"), the failure to disclose a corporation (GFK, Inc.) Sohal organized in 2002, the failure to reflect on the SOFA prebankruptcy payments to creditors and the failure to disclose Sohal's service as a director of his temple.[5]

Certainly in number these omissions are sufficient to meet the test of *Mitchell* and *Moschella*. But Debtors contend that there are three reasons the flaws in their schedules do not warrant denial of discharge. First, they argue they concealed nothing of value – nothing that rises to the level of material. Second, they maintain that they provided all the information requested by their attorney – McCombs – and imply that any mistakes are due to him. Third, they argue that Sohal's poor health and deteriorating mental condition excuse any omissions or mistakes in the schedules or SOFA.

As to the first point, materiality does not necessarily equate to value in the present context. As the appellate courts have noted, the question is whether that which was omitted would be implicated in the investigation of the trustee. *See Beaubeouf*, 966 F.2d at 178; *In re Wills*, 243 B.R. 58 (B.A.P. 9th Cir. 1999)(noting that a false statement or omission may be material even if it does not cause direct financial prejudice to creditors);

---

[4] Plaintiff also notes misstatements and omissions by Sohal at Debtors' section 341 meeting and in answers to Plaintiff's interrogatories.

[5] There are other arguable omissions. For example, money or property transferred to relatives by Sohal that he testified were not gifts but were still not listed in SOFA question 10. This court has previously opined that a debtor's schedules should reflect all possible transactions that fall within their ambit, and Sohal's testimony that transfers to relatives were neither gifts nor transfers is not persuasive.

*In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984)(noting that a false statement is material if it is necessary to determine the debtor's financial condition, even if the assets concealed are ultimately worthless). While some of the Debtors' omissions could be of limited concern to the trustee, that is a judgment this court must be cautious about making. For example, understatement of past income in the SOFA – given that, regardless, Debtors' income was hardly princely – may be of little relevance. But the trustee might find the numbers important in understanding Debtors' overall finances or in evaluating Debtors' schedules I and J.

      Certainly at least the failure to disclose the Disability Litigation is significant. While Sohal believed the suit to have no value, that was not his judgment to make. Moreover, as Plaintiff suggested during Sohal's examination, Sohal may have (or have had) claims against the lawyers he had retained arising out of mishandling of the suit: the suit apparently was dismissed because limitations had run, which may have been due to attorney negligence.

      Sohal's service as a temple director is also of interest. While that service may have been as limited as he testified, Plaintiff introduced a check into evidence made out by Sohal to the temple and endorsed by Sohal on behalf of the temple. This is sufficient to raise questions about Sohal's relationship with the temple that a trustee would want to investigate.

      Debtors' second argument is equally unpersuasive. Sohal testified that he gave all the information he was asked for to his attorney, implying that he relied on the attorney to complete Debtors' schedules correctly. Even if the court were to find – and it is not prepared on this record to do so – that McCombs in some manner caused the problems

5

with Debtors' schedules and SOFA, the law is clear that a debtor has an independent duty to ensure that those filings are correct and that reliance on counsel will not excuse deficiencies in them. *See In re Duplante*, 215 B.R. 444, 447 n. 8 (B.A.P. 9th Cir. 1997); *In re Barrows*, 399 B.R. 506, 511 (Bankr. D. Minn. 2009); *In re Rolland*, 317 B.R. 402, 414 (Bankr. C.D. Cal. 2004); *In re Pettey*, 288 B.R. 14, 20 (Bankr. D. Mass. 2003).

Debtors' third argument, however, deserves more consideration. Relying on *In re Pratt*, 411 F.3d 561 (5th Cir. 2005), Debtors argue that they should not be held accountable due to Sohal's mental disabilities.

The court agrees that a debtor handicapped by some condition inhibiting his or her ability to properly complete schedules and a SOFA should not be held to the same standard applied to debtors generally. In the case at bar, for example, Mrs. Sohal (unlike Sohal) is not able to understand or speak English well and so clearly had no choice but to rely on her husband to complete the schedules and SOFA on her behalf. The court cannot find that Mrs. Sohal "knowingly and fraudulently" omitted items from the schedules and SOFA and so will not deny her discharge.

But Sohal is a different case entirely. Many of the minor omissions regarding income were obvious from Debtors' tax returns. There is no excuse for Sohal's failure to reconcile the SOFA to the returns. Perhaps most importantly, Sohal filed pleadings in the Disability Litigation and can hardly be found to have overlooked the suit in the schedules and SOFA due to a lapse in memory.

Furthermore, if a trustee is not to be able to rely on a debtor's schedules and SOFA, unless the reason is patently obvious, as with Mrs. Sohal's lack of command of English, the trustee should have some notice that more rigorous investigation beyond the

debtor's disclosure is necessary. In this case there is no hint in Sohal's schedules and SOFA that he suffered from a disability such that they could not be relied on by the trustee. There is no evidence in the record that he told his own lawyer, let alone the trustee, that his memory problems might impair his disclosure.

Sohal was a reasonably articulate witness. He holds a degree in computer science and, absent some handicap, should have been able to complete properly the schedules and SOFA. The evidence at trial was insufficient to prove he suffered from a disability that would so impair his memory as to excuse the omissions Debtors were guilty of. Even if the evidence supported his claim of disability, though, absent disclosure of his memory problems to the trustee and the creditors, the court could not find Sohal earned a discharge.

### III. Conclusion

For the foregoing reasons, judgment shall enter denying Sohal (but not Mrs. Sohal) a discharge. Counsel for Plaintiff is directed to prepare and submit a judgment consistent with this memorandum opinion.

# # # # END OF MEMORANDUM OPINION # # # #